# United States Court of Appeals for the Federal Circuit

---

**CHRISTY, INC., ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1738

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00657-MMS, Chief Judge Margaret M. Sweeney.

---

Decided: August 24, 2020

---

JAMES F. MCDONOUGH, III, Heninger Garrison Davis, LLC, Atlanta, GA, for plaintiff-appellant. Also represented by JONATHAN ROBERT MILLER; TIMOTHY C. DAVIS, Birmingham, AL.

SCOTT R. MCINTOSH, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ETHAN P. DAVIS, GARY LEE HAUSKEN; SARAH E. CRAVEN, MICHAEL S. FORMAN, THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

———————————

Before LOURIE, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Christy, Inc. asserts that the United States owes it just compensation for the Patent Trial and Appeal Board's cancellation of claims 1–18 of Christy's patent, U.S. Patent No. 7,082,640, in two inter partes reviews. Because the cancellation of a patent in an inter partes review does not grant the patentee any compensable claim against the United States, we affirm the Court of Federal Claims's dismissal of the case for failure to state a claim.

I

Christy applied for a patent on its "ambient air back-flushed filter vacuum" invention in 2003. The '640 patent, which claims that invention, issued in 2006. As required by law, Christy paid the $1,000 issuance fee. Over the ensuing years, Christy paid the necessary $490 3.5-year, $1,800 7.5-year, and $3,700 11.5-year maintenance fees for the patent—in October 2009, January 2014, and January 2018, respectively.

In 2014, Christy and its licensee, CDC Larue Industries, Inc., sued two competitors for patent infringement. *See CDC Larue Indus., Inc v. Black & Decker (U.S.) Inc.*, No. 14-CV-0286-CVE-FHM (N.D. Okla.). One of those competitors then filed two petitions for inter partes review of the '640 patent. The Board's final written decisions across those inter partes reviews found claims 1–18 unpatentable; dependent claims 19–20 were not challenged in the proceedings and remained valid. *See Black & Decker (U.S.) Inc. v. Christy, Inc.*, No. IPR2015-00468, 2016 WL 3382465 (P.T.A.B. June 17, 2016); *Black & Decker (U.S.) Inc. v. Christy, Inc.*, No. IPR2015-00472, 2016 WL 3382466 (P.T.A.B. June 17, 2016). We summarily affirmed the Board's invalidity decision in IPR2015-00468 and

dismissed Christy's appeal of the Board's decision in IPR2015-00472 as moot. *See Christy, Inc. v. Black & Decker (U.S.), Inc.*, No. 2016-2499, 696 F. App'x 1020 (Fed. Cir. Sept. 7, 2017) (mem.) (per curiam); *Christy, Inc. v. Black & Decker (U.S.), Inc.*, No. 2016-2498, 696 F. App'x 1020 (Fed. Cir. Sept. 7, 2017) (mem.) (per curiam).

Aggrieved by the cancellation of its first 18 claims of the '640 patent, Christy filed a class-action suit in the Court of Federal Claims. The suit raised six claims for compensation from the government: a Fifth Amendment takings claim, four claims based on contractual theories, and an illegal exaction claim raised in the alternative to the takings claim. Christy sought compensation amounting to the '640 patent's "issuance and maintenance fees, [Christy's] investments made in the patented technologies, the attorney fees [Christy] spent in defending the [inter partes review proceedings] that invalidated the claims, and the value of the patent claims themselves . . . includ[ing] expected royalties and other payments related to use of the patents[], in an amount to be determined at trial." J.A. 72–73 ¶ 107 (emphasis removed).

The government swiftly moved to dismiss all claims for both lack of subject matter jurisdiction and failure to state a claim. The court granted the government's motion, with various grounds for dismissing each count.[1] *See generally Christy, Inc. v. United States*, 141 Fed. Cl. 641 (2019) (*Decision*). Over the government's challenge, the court found that it had jurisdiction to consider the takings claim. *Decision* at 657. Yet the court found that Christy did not state a claim for relief on the merits. *Id.* at 660. The court reasoned that the cancellation of patent claims in an inter

---

[1] The court found the contract-based claims non-meritorious; Christy does not argue that the court erred in that decision, so we address it no further.

partes review did not amount to a compensable taking of Christy's property interest. *Id.*

In contrast, the court held that it did not have jurisdiction to consider the illegal exaction claim. *Decision* at 668. It held that a statute granting authority to the U.S. Patent and Trademark Office to refund mistakenly excessive patent-related fees displaced Tucker Act jurisdiction over those fees. *Id.* at 667–68; *see* 35 U.S.C. § 42(d). The court addressed the merits of the illegal exaction claim in the alternative, however, finding that Christy's issuance and maintenance fees paid for the '640 patent "were owed at the time they were paid, and as such, were not fees paid by mistake." *Decision* at 668 (quoting *In re Patent No. 7,061,177*, 2006 WL 4559506, at *1 (Comm'r Pat. Oct. 17, 2006)). Because "the government did not require Christy to pay" any of the other alleged damages "to a third party on the government's behalf, or even to be paid at all," the court found Christy's theory that these damages were illegally exacted "devoid of merit." *Decision* at 669.

Christy timely appealed; we have jurisdiction under 28 U.S.C. §1295(a)(3).

We review whether Tucker Act jurisdiction exists "without deference to the decision of the trial court." *In re United States*, 463 F.3d 1328, 1334 (Fed. Cir. 2006). We similarly review de novo the trial court's dismissal of takings claims and illegal exaction claims for failure to state a claim. *See, e.g.*, *Piszel v. United States*, 833 F.3d 1366, 1373 (Fed. Cir. 2016).

## II

Christy argues that the Court of Federal Claims erred in three ways: by (1) finding that Christy failed to state a compensable takings claim based on the cancellation of claims 1–18 of the '640 patent; (2) finding that the court lacked subject matter jurisdiction over Christy's illegal exaction claim; and (3) finding that Christy failed to state a

plausible illegal exaction claim.  The government concedes that the Court of Federal Claims erred in finding that it lacked subject matter jurisdiction over Christy's illegal exaction claim but argues for the first time on appeal that the court lacked jurisdiction over Christy's takings claim.

Shortly after this case's oral argument, we issued *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020), which straightforwardly resolves two of the three issues raised here.

First, *Golden* disposes of the government's argument that the Court of Federal Claims lacked jurisdiction over Christy's takings claim.  *Golden* rejected the government's indistinguishable argument that the Court of Federal Claims lacks jurisdiction over a takings claim arising from the cancellation of patent claims in an inter partes review. *See* 955 F.3d at 989 ("[W]e reject the government's argument that the [America Invents Act, which enacted the inter partes review process] displaced Tucker Act jurisdiction over Golden's IPR-based takings claims.").  As the government concedes in its Fed. R. App. P. 28(j) letter discussing *Golden*, that decision forecloses the government's jurisdictional argument here.  Appellee's Citation of Suppl. Auth., *Christy, Inc. v. United States*, No. 2019-1738 (Fed. Cir. Apr. 17, 2020), ECF No. 62.  As a result, the Court of Federal Claims correctly held that it had subject matter jurisdiction over Christy's takings claim.

Second, *Golden* also confirms that Christy failed to state a plausible claim for a taking based on the cancellation of the '640 patent.  *Golden* held that "cancellation of patent claims in [an] inter partes review cannot be a taking under the Fifth Amendment." *Golden*, 955 F.3d at 989 n.7. The Court of Federal Claims therefore correctly held that

the cancellation of Christy's patent claims in an inter partes review was not a Fifth Amendment taking.[2]

Since the government has conceded that the Court of Federal Claims properly exercised jurisdiction over Christy's illegal exaction claim, we last address whether the court erred in finding that Christy failed to state a plausible claim of an illegal exaction. An illegal exaction occurs when money is "improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967) (en banc)). Given that the Board did not violate Christy's Fifth Amendment rights by canceling its patent claims, Christy asserts no constitutional provision, statute, or regulation that the PTO violated by failing to refund Christy's issuance and maintenance fee payments for the '640 patent. Instead, Christy is left to contend that the PTO's requiring Christy to pay issuance and maintenance fees for the '640 patent was in error, and therefore the fees should be refunded. *See* Appellant's Reply Br. 12–15. According

---

[2]    Because *Golden* indisputably and indistinguishably binds our conclusion that the cancellation of patent claims in an inter partes review does not engender a taking, we need not address Christy's argument that *Celgene Corp. v. Peter*, 931 F.3d 1342 (Fed. Cir. 2019), *cert. denied*, No. 19-1074, 2020 WL 3405867 (U.S. June 22, 2020), does not control this case. Christy perplexingly relies on *Golden* to suggest that *Celgene* does not bind our decision "because the [t]akings issue was not properly before the *Celgene* Court in the first place." Appellant's Resp. to Appellee's Citation of Suppl. Auth. at 1, *Christy, Inc. v. United States*, No. 2019-1738 (Fed. Cir. Apr. 21, 2020), ECF No. 63. But *Golden* itself held that *Celgene* controlled its outcome. *Golden*, 955 F.3d at 989.

to Christy, the cancellation of patent claims in an inter partes review amounts to an admission that the PTO erred in allowing the issuance of the claims. *See id.* at 13–14 (citing *Celgene*, 931 F.3d at 1361). Christy maintains that this supposed error was the "the sole and direct cause of Christy paying [these] fees," *id.* at 14, and that allowing the government to "charge fees for . . . making errors" is "unjust." *Id.* at 15.

Christy's argument fails because the law requires payment of these issuance and maintenance fees without regard to any later result of post-issuance proceedings, *see, e.g.*, 35 U.S.C. §§ 41, 151. Christy identifies no statute, regulation, or constitutional provision compelling the fees' refund if claims are later canceled in post-issuance proceedings. Without showing how the PTO's actions "contravene[ed] . . . the Constitution, a statute, or a regulation," Christy cannot state a claim for an illegal exaction. *Norman*, 429 F.3d at 1095. That Christy finds the legal scheme dictating patent issuance and maintenance fees "unjust" raises a policy question properly addressed to Congress or the PTO, for Congress has the authority to set the terms of the patent right, *see* U.S. Const. art. I, § 8, cl. 8,[3] and to delegate that authority to the PTO in appropriate circumstances, *see, e.g.*, *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1330 (Fed. Cir. 2017) (en banc) ("There are dozens of very specific grants of rulemaking authority by

---

[3] *See Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1375 (2018) (citing *Wheaton v. Peters*, 33 U.S. 591, 663–64 (1834), which holds that "[n]o one can deny that when the legislature are about to vest an exclusive right in an author or an inventor, they have the power to prescribe the conditions on which such right shall be enjoyed; and that no one can avail himself of such right who does not substantially comply with the requisitions of the law").

Congress to the [PTO].").  Christy's payment of standard issuance and maintenance fees—and the PTO's refusal to refund the fees after 18 of Christy's 20 claims in the '640 patent were canceled—did not stem from any mistake or impropriety by the PTO, but followed the requirements of the law.  The PTO did not collect fees in excess of its statutory authority, and therefore did not illegally exact those fees.  We affirm the Court of Federal Claims's dismissal of Christy's illegal exaction claim.

### III

We have considered the parties' remaining arguments and find them unpersuasive.  Because Christy did not state a plausible claim that the cancellation of its patent claims caused a taking or an illegal exaction, we affirm the judgment of the Court of Federal Claims dismissing its case.

**AFFIRMED**